UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

 DANIEL K.,

                          Plaintiff,

v.                                                        1:20-CV-0674
                                                          (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC        KENNETH HILLER, ESQ.
  Counsel for Plaintiff                           AMY CHAMBERS, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                       VERNON NORWOOD, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

        The parties consented, in accordance with a Standing Order, to proceed before

the undersigned.  (Dkt. No. 15.)  The court has jurisdiction over this matter pursuant

to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-

motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the

Commissioner's motion is granted.

## I.      RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born in 1976.  (T. 79.)  He completed high school.  (T. 236.)

Generally, Plaintiff's alleged disability consists of bipolar disorder, manic episodes, and

panic attacks.  (T. 235.)  His alleged disability onset date is March 18, 2015.  (T. 79.)

His date last insured is September 30, 2016.  (*Id*.)  His past relevant work consists of

assistant manager, front desk clerk, and valet.  (T. 236.)

### B.    Procedural History

On November 18, 2016, Plaintiff applied for a period of Disability Insurance

Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title

XVI, of the Social Security Act.  (T. 79.)  Plaintiff's applications were initially denied,

after which he timely requested a hearing before an Administrative Law Judge ("the

ALJ").  On April 4, 2019, Plaintiff appeared before the ALJ, Melissa Lin Jones.  (T. 28-

78.)  On April 16, 2019, ALJ Jones issued a written decision finding Plaintiff not disabled

under the Social Security Act.  (T. 12-27.)  On April 7, 2020, the AC denied Plaintiff's

request for review, rendering the ALJ's decision the final decision of the Commissioner.

(T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C.    The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and

conclusions of law.  (T. 17-23.)  First, the ALJ found Plaintiff met the insured status

requirements through September 30, 2016 and Plaintiff had not engaged in substantial

gainful activity since March 18, 2015.  (T. 17.)  Second, the ALJ found Plaintiff had the

severe impairments of: bipolar disorder, manic episodes, and panic attacks.  (*Id*.)  Third,

the ALJ found Plaintiff did not have an impairment that meets or medically equals one of

the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (*Id*.)

Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform

work at all exertional levels with additional non-exertional limitations.  (T. 19.)  The ALJ

found Plaintiff could perform "simple, routine and repetitive tasks and make simple

decisions when dealing with change in the work setting, can have occasional interaction

with supervisors and rare (defined as less than occasional but not never [,] sometimes

referred to as incidental) interaction with coworkers or the public."  (*Id*.)  Fifth, the ALJ

determined Plaintiff unable to perform past relevant work; however, there were jobs that

existed in significant numbers in the national economy Plaintiff could perform.  (T. 21-

22.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes two arguments in support of his motion for judgment on the

pleadings.  First, Plaintiff argues the ALJ failed to properly consider and explain

evidence related to mental limitations which resulted in an RFC finding unsupported by

substantial evidence.  (Dkt. No. 10 at 14-23.)  Second, and lastly, Plaintiff argues the

ALJ failed to conduct a proper "credibility analysis" and failed to consider relevant

evidence and factors.  (*Id*. at 23-29.)  Plaintiff also filed a reply in which he reiterated his

original arguments.  (Dkt. No. 12.)

### B.     Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues

substantial evidence supported the ALJ's determination.  (Dkt. No. 11 at 10-15.)

Second, and lastly, Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints.  (*Id*. at 15-17.)

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both

4

sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV.    ANALYSIS

A.    **Medical Opinion Evidence and RFC Determination**

Plaintiff argues the ALJ "rejected" the opinion of consultative examiner, Janine

Ippolito, Psy.D. and failed to explain the doctor's limitations in the RFC.  (Dkt. No. 10 at

15-23.)  In addition, Plaintiff argues the RFC was not "sufficiently tethered to [a] medical

opinion," and the ALJ failed to close evidentiary gaps cause by her "rejection" of opinion

evidence and therefore should have further developed the record.  (*Id*.)  For the reasons

outlined below, the ALJ properly assessed the medical opinion evidence in the record

and substantial evidence supported the RFC determination.

The RFC is an assessment of "the most [Plaintiff] can still do despite [his]

limitations."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)[1].  The ALJ is responsible for

assessing Plaintiff's RFC based on a review of relevant medical and non-medical

evidence, including any statement about what Plaintiff can still do, provided by any

medical sources.  *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c), 416.927(d),

416.945(a)(3), 416.946(c).  Although the ALJ has the responsibility to determine the

RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate

functional limitations that preclude any substantial gainful activity.  *Id*. §§ 404.1512(c),

404.1527(e)(2), 404.1545(a), 404.1546(c), 416.912(c), 416.927(e)(2), 416.945(a),

416.946(c).

---

[1]      On January 18, 2017, the agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844. These final rules were effective as of March 27, 2017. Some of the new final rules state that they apply only to applications/claims filed before March 27, 2017, or only to applications/claims filed on or after March 27, 2017. *See, e.g.*, 20 C.F.R. §§ 404.1527, 416.927 (explaining how an adjudicator considers medical opinions for claims filed before March 27, 2017) and 20 C.F.R. §§ 404.1520c, 416.920c (explaining how an adjudicator considers medical opinions for claims filed on or after March 27, 2017); *see also* Notice of Proposed Rulemaking, 81 Fed. Reg. 62560, 62578 (Sept. 9, 2016) (summarizing proposed implementation process). Here, Plaintiff filed his claim before March 27, 2017. Thus, the 2017 revisions apply to this case, except for those rules that state they apply only to applications/claims filed on or after March 27, 2017.

On January 18, 2017, Dr. Ippolito examined Plaintiff and provided a medical source statement.  (T. 356-361.)  Dr. Ippolito opined Plaintiff was able to follow and understand simple directions and instructions and perform simple tasks independently, learn new tasks, and perform complex tasks.  (T. 360.)  Dr. Ippolito opined Plaintiff had "moderate" limitations in: maintaining attention and concentration; maintaining a regular schedule; and making appropriate decisions.  (*Id*.)  He further opined Plaintiff had "marked" limitations in his ability to relate adequately with others and appropriately deal with stress.  (*Id*.)

Contrary to Plaintiff's assertion, the ALJ did not "reject" Dr. Ippolito's opinion. (Dkt. No. 10 at 15.)  The ALJ afforded Dr. Ippolito's opinion "partial weight."  (T. 20.) The ALJ reasoned the opinion was based on the doctor's personal evaluation of Plaintiff; however, the examination results and Plaintiff's treatment records did not support the marked limitations in social interaction or ability to deal with stress.  (*Id*.); *see Riederer v. Comm'r of Soc. Sec.*, 464 F. Supp. 3d 499, 505-506 (W.D.N.Y. 2020) (the ALJ did not "reject" medical opinion where ALJ noted the doctor's opinion was consistent with his examination of Plaintiff and largely supported by the medical record). Indeed, the ALJ's RFC limiting Plaintiff to simple, routine, and repetitive tasks is wholly consistent with and supported by Dr. Ippolito's opinion Plaintiff was able to follow and understand simple directions and instructions and perform simple tasks independently, learn new tasks, and perform complex tasks and had "moderate" limitations in maintaining attention and concentration; maintaining a regular schedule; and making appropriate decisions.  (T. 19.)

Although the ALJ did not adopt Dr. Ippolito's opinion Plaintiff had marked limitations in the ability to interact with others and deal with stress, the ALJ determined Plaintiff did have some limitations in these areas and provided limitations in the RFC she found consistent with the record.  The ALJ concluded Plaintiff had "some limitations in appropriately dealing with stress," nonetheless the evidence did not support marked limitations.  (T. 20.)  In support of her conclusion that Plaintiff did not have marked limitations, the ALJ relied on evidence Plaintiff was the primary caregiver for his young children, he lived with his significant other, and he related well with providers and family.  (T. 18, 20.)  The ALJ further relied on the opinion of non-examining State agency medical examiner, who opined Plaintiff had "at least moderate" limitations in "most areas."  (T. 20); *see Coleman v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 389, 396 (W.D.N.Y. 2018) (ALJ properly assessed consultative examiner's opinion plaintiff had marked limitations in making decisions, relating with others, and dealing with stress, based on the record as a whole, including subsequent mental health treatment which showed improvement).

Plaintiff argues evidence in the record supports Dr. Ippolito's opined marked limitations.  (Dkt. No. 10 at 16-17.)  Plaintiff further asserts because Dr. Ippolito's opinion was the only medical opinion in the record, the ALJ "inappropriately relied on his own lay judgment and selective reading to discount Dr. Ippolito's opinions."  (*Id*. at 17.)

First, under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position.  Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).  Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record.  *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position); *see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review).  Although Plaintiff cites evidence in the record which supports his assertion, Plaintiff fails to prove that no reasonable factfinder could have reached the ALJ's conclusion.

Second, the ALJ did not rely on her "lay judgment" or a "selective reading" in concluding Plaintiff had less than marked limitations in dealing with stress and associating with others.  (Dkt. No. 10 at 17.)  The ALJ properly relied on the record as a whole in making her RFC determination and a review of the record and the ALJ's decisions does not support Plaintiff's assertion the ALJ mischaracterized the record. *Snyder v. Saul*, 840 F. App'x 641, 643 (2d Cir. 2021) ("The ALJ was entitled to weigh all of the evidence and make an RFC finding that corresponds with the record as a whole."); *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018) (the ALJ was entitled to weigh all of the evidence available to make a residual functional capacity finding that was consistent with the record as a whole); *Barry v. Colvin*, 606 F.

App'x 621, 624 (2d Cir. 2015) (an ALJ is not bound to include in the RFC finding every specific limitation assessed by an examiner, so long as the ALJ's reasoning is consistent with the record as a whole).

In addition, "[C]ourts within the Second Circuit have held that marked limitations in mental functioning, including a marked limitation in ability to deal with stress, do not mandate a finding of disability, but can be addressed with additional limitations to a plaintiff's RFC, such as limiting plaintiff to simple, routine and repetitive tasks in a work environment free of fast-paced production requirements." *Kya M. v. Comm'r of Soc. Sec.*, 506 F. Supp. 3d 159, 166-167 (W.D.N.Y. 2020) (internal quotation and citations omitted) (collecting cases).  Despite opining Plaintiff had a marked limitation in the ability to deal with stress, Dr. Ippolito nonetheless opined Plaintiff could perform not only simple tasks, but complex tasks as well.  (T. 360); *see Wright v. Berryhill*, 687 F. App'x 45, 48-49 (2d Cir. 2017) (although consultative examiner opined plaintiff had mild to moderate limitations appropriately dealing with stress, he was nonetheless able to perform simple, routine work and therefore the court could not conclude "a reasonable factfinder would have to conclude" that plaintiff lacked the ability to perform the ALJ's mental RFC) (*citing Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d. Cir. 2012)).  Therefore, Dr. Ippolito's opinion was not inherently inconsistent with the ALJ's RFC determination and the ALJ provided ample analysis to support stress and social limitations she found supported by the record.

The ALJ limited Plaintiff to simple, routine, repetitive work with the ability to make simple decisions when dealing with change in the work setting and occasional interactions with supervisors and rare interaction with coworkers and the public.  (T. 19.)

The ALJ's RFC was supported by the record as a whole.  In addition to Dr. Ippolito's opinion, the ALJ relied on other objective evidence in the record and Plaintiff's activities of daily living.  The ALJ relied on evidence in the record Plaintiff was the primary caregiver to his children and although he did not socialize, he interacted appropriately with his medical and other healthcare providers.  (T. 18, 20.)  The ALJ relied on treatment records indicating he was capable of managing himself, could identify his mental health symptoms and seek appropriate care.  (T. 20.)  The ALJ further noted Plaintiff's mental health treatment showed long-term stability.  (T. 21.)

Contrary to Plaintiff's assertion, the ALJ did not improperly conclude Plaintiff could perform unskilled work with additional social limitations based on activities of daily living and "stability."  (Dkt. No. 10 at 23.)  The ALJ properly considered Plaintiff's reported activities and stability on medications as part of the record as a whole in determining the RFC.

Indeed, Plaintiff's reported activities supported the ALJ's RFC.  Plaintiff stated on his activities of daily living questionnaire, he had no problems getting along with authority figures, could finish what he started, could follow spoken and/or written instructions, and had not lost a job due to difficulty getting along with others.  (T. 247, 248, 249.)  Plaintiff reported to a provider in 2016 he had "difficulty working collaboratively with other people."  (T. 412.)  In 2016, Plaintiff reported his anxiety was "a little high" due to family issues; however, medication was effective at decreasing anxiety to a manageable level.  (T. 410.)  Plaintiff reported to his mental health providers in 2017 he experienced "low/no levels of symptoms."  (T. 454.)  Plaintiff's symptoms were described as "stable" from 2016 through 2018.  (*Id*.)  Plaintiff met with a

provider quarterly and his medications remained unchanged from 2016 through 2018. (T. 479.)

Overall, the ALJ properly evaluated the opinion, and other, evidence in the record and substantial evidence supported her RFC determination.

**B.     Subjective Complaints**

Plaintiff argues "the ALJ failed to sufficiently consider or explain credibility factors such as medicinal side effects, supportive and structured lifestyle modification, as well as evidence and reports from others that supported his conditions and testimony."  (Dkt. No. 10 at 24.)  For the reasons outlined below, the ALJ's determination was proper and supported by substantial evidence in the record.

As an initial matter, on March 28, 2016, SSR 16-3p superseded SSR 96-7p and eliminated the use of the term "credibility" as the regulations do not use the term.  SSR 16-3P (S.S.A. Mar. 16, 2016) ("we are eliminating the use of the term 'credibility' from our sub-regulatory poly, as our regulations do not use this term").

The ALJ must employ a two-step analysis to evaluate Plaintiff's reported symptoms.  *See* 20 C.F.R. §§ 404.1529, 416.929.  First, the ALJ must determine whether, based on the objective medical evidence, Plaintiff's medical impairments "could reasonably be expected to produce the pain or other symptoms alleged."  20 C.F.R. §§ 404.1529(a), 416.929(a).  Second, if the medical evidence establishes the existence of such impairments, the ALJ must evaluate the intensity, persistence, and limiting effects of those symptoms to determine the extent to which the symptoms limit Plaintiff's ability to do work. *See id.*

At this second step, the ALJ must consider: (1) Plaintiff's daily activities; (2) the location, duration, frequency, and intensity of Plaintiff's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication Plaintiff takes or has taken to relieve his pain or other symptoms; (5) other treatment Plaintiff receives or has received to relieve his pain or other symptoms; (6) any measures that Plaintiff takes or has taken to relieve his pain or other symptoms; and (7) any other factors concerning Plaintiff's functional limitations and restrictions due to his pain or other symptoms.  20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii).

Here, the ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record.  (T. 19-20.)  Where an ALJ's reasoning and adherence to the regulations is clear, she is not required to explicitly go through each and every factor of the regulation.  *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (plaintiff challenged ALJ's failure to review explicitly each factor provided for in 20 C.F.R. § 404.1527(c), the Court held that "no such slavish recitation of each and every factor [was required] where the ALJ's reasoning and adherence to the regulation [was] clear").  Here, although the ALJ did not explicitly evaluated every factor outlined in 20 C.F.R. §§ 404.1529(c), 416.929(c), the ALJ's adherence to the regulations was clear and her determination supported by substantial evidence.

The ALJ properly considered Plaintiff's activities of daily living and the effectiveness of medication in evaluating Plaintiff's subjective statements.  (T. 19-21); 20 C.F.R. §§ 404.1529(c), 416.929(c).  Plaintiff stated he took care of his school-age children, took care of his cats and dogs, prepared simple meals, washed the laundry and the dishes, swept the floors, watched television, attended medical appointments, and socialized.  (T. 242-246.)  Evidence Plaintiff is capable of engaging in such activities despite his allegations supports the ALJ's determination his alleged symptoms are not disabling.  *Poupore v. Astrue*, 566 F.3d at 307; *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir. 1980).

The ALJ also properly considered Plaintiff's use of medication and the effectiveness of medication in controlling Plaintiff's symptoms.  (T. 20); 20 C.F.R. §§ 404.1529(c), 416.929(c).  As outlined above, Plaintiff reported he was doing well, and medication controlled his symptoms. (T. 414, 418, 420, 422, 461, 484, 541, 544.)  The ALJ also relied on "largely unremarkable" objective mental status examination results and medical opinion evidence.  (T. 20); 20 C.F.R. §§ 404.1529(c), 416.929(c).  Overall, the ALJ properly assessed Plaintiff's subjective testimony under the regulations and substantial evidence supporter her determination.  *See Lewis v. Colvin*, 548 F. App'x 675, 678 (2d Cir. 2013) (summary order) (the ALJ's decision not to credit plaintiff's subjective testimony regarding his symptoms was appropriate where the testimony was not supported by the objective medical evidence and plaintiff's daily activities).

The ALJ has the duty to evaluate conflicts in the evidence.  *See* 20 C.F.R. §§ 404.1567(c)(i), 416.927(c)(i); *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 7 (2d Cir. 2017) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.")

(quoting *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)).  Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise."  *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence).  As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision.  *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)). As the Supreme Court stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."  *Biestek*,139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

**ACCORDINGLY**, it is

      **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **DENIED**; and it is further

      **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 11) is **GRANTED**; and it is further

      **ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

      **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:      July 27, 2021

                                     William B. Mitchell Carter
                                     U.S. Magistrate Judge